IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**GRADY LARKIN MCGOWAN,**                                                                     **PLAINTIFF**
**ADC #113557**

**V.**                           **CASE NO. 5:18-CV-147-BSM-BD**

**LOVER B. POLK**[1]                                                                                  **DEFENDANT**

## RECOMMENDED DISPOSITION

**I.**   **Procedure for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Chief Judge Brian S. Miller. Any party may file written objections to this Recommendation. Objections must be specific and must include the factual or legal basis for the objection. To be considered, all objections must be received in the office of the Court Clerk within 14 days of this Recommendation.

If no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive the right to appeal questions of fact.

**II.**   **Discussion:**

A. Background

Grady McGowan, an Arkansas Department of Correction ("ADC") inmate, filed this lawsuit without the help of a lawyer under 42 U.S.C. § 1983. (Docket entry #2) Mr.

---

[1] The Clerk is instructed to update the docket sheet to reflect this Defendant's complete name. (#5, #6)

McGowan claims that, in 2012, he filed two "Interstate Agreements on Detainers" with the Adair County Court in Stillwell, Oklahoma. Mr. McGowan states that he filed the first agreement and submitted the second agreement to the records department at the Tucker Unit of the ADC, where he was incarcerated. Mr. McGowan alleges that Defendant Polk, the records supervisor at the Tucker Unit, was responsible for submitting the second agreement.

Seven months later, Mr. McGowan was extradited to Oklahoma. When he appeared before the Adair County Circuit Court, the prosecutor told him that the second agreement was improperly filed, so his request for final disposition did not apply. Mr. McGowan alleges that "[i]f this is in fact the case[,] then Ms. Polk would have in fact violated my right to due process." (#2 at p.4)

Defendant Polk has now moved to dismiss Mr. McGowan's claim, arguing that it is time barred. Mr. McGowan has responded to the motion, and it is ripe for decision. (#7, #9)

B.  Discussion

In deciding whether a plaintiff has adequately stated a claim for relief, the Court considers whether the allegations in the complaint are pleaded with enough specificity "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint cannot simply "[leave] open the possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery." *Id*. at 561 (citation omitted). Rather, the facts set forth in the complaint must

be sufficient to "nudge [the] claims across the line from conceivable to plausible." *Id*. at 570.

Claims brought under § 1983 are governed by the statute of limitations for personal injury actions in the state in which the claims arose. *Sanchez v. United States*, 49 F.3d 1329 (8th Cir. 1995). In Arkansas, that is three years from the date of the incident giving rise to the cause of action. ARK. CODE ANN. § 16-56-105(3). Therefore, because the incidents Mr. McGowan complains of took place at least five, or possibly six, years before filing this lawsuit, this claim is barred by the statute of limitations.

In response to Defendant Polk's motion, Mr. McGowan argues that the three-year statute of limitations does not apply to his claim because he seeks only injunctive relief. The statute of limitations, however, applies to causes of action, rather than the type of relief sought in a specific case. Furthermore, Mr. McGowan's claims are not the type where each day creates "a new or continuing violation of rights." *Montin v. Estate of Johnson*, 636 F.3d 409, 415 (8th Cir. 2011). In *Montin*, the Eighth Circuit Court of Appeals specifically stated, "[t]his court has never applied the continuing violations doctrine to a discrete act." *Id*. at 415-16 (quoting *High v. Univ. of Minn.*, 236 F.3d 909, 909 (8th Cir. 2000)). Accordingly, the Court finds Mr. McGowan's argument unpersuasive.

### III.  Conclusion:

The Court recommends that Defendant Polk's motion to dismiss (#7) be GRANTED. Mr. McGowan's claims should be DISMISSED, with prejudice.

DATED, this 18th day of July, 2018.

_____
UNITED STATES MAGISTRATE JUDGE

4